Case 1:00-cv-02588-RJL   Document 70   Filed 07/31/06   Page 1 of 5

FILED

JUL 31 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES HERBERT NERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 00-2588 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION
(July 26, 2006)

In this action brought under 42 U.S.C. §§ 1983 and 1988, plaintiff sues the District of Columbia and five officers of the Metropolitan Police Department ("MPD") for alleged constitutional violations stemming from his arrest on June 22, 1999.[1] Following a period of discovery, defendants District of Columbia, Deidra Bynum and Ernie Davis move jointly for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion for summary judgment and dismiss the case.

I. BACKGROUND

Following a robbery for which plaintiff was eventually convicted, plaintiff engaged MPD officers in a car chase that ended when he crashed into either vehicles (defendants' version) or a pole (plaintiff's version) and was ejected from the car. Plaintiff alleges that the arresting officers

---

[1] The individually named defendants are Bret Parson, Dave Edlestein, Claudia Harrison, Diedra Bynum and E. Davis. Amended Complaint [Dkt. No. 14]. During the lengthy history of this case, plaintiff, proceeding *in forma pauperis*, was afforded opportunities to provide addresses to the court officers to effect service of process upon each defendant. *See* Dkt. Nos. 20, 33, 41. Plaintiff has assisted the court with serving only Bynum and Davis. The complaint against Parson, Edlestein and Harrison therefore will be dismissed without prejudice for failure to prosecute.



severely beat him while effecting the arrest and that he was beaten again during police interrogation at MPD headquarters. Amended Complaint ¶ 10. Plaintiff claims that defendants violated his rights under the Fourth and Fifth Amendments and engaged in a conspiracy to violate his rights.[2] *Id.* ¶¶ 12-21. He also asserts common law claims of assault and battery, intentional and negligent infliction of emotional distress, and conspiracy. *Id.* ¶¶ 22-23, 33-43.

## II. STANDARD OF REVIEW

Summary judgment "should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the court finds that facts material to the outcome of the case are at issue, a case may not be disposed of by summary judgment. *Id.* at 248. If the facts in dispute are "merely colorable, or . . . not significantly probative, summary judgment may be granted." *Id.* at 249-50.

Though the moving party bears the burden of establishing that there are no genuine issues of material fact and that judgment on the legal issues is appropriate in its favor, *Celotex*, 477 U.S. at 322-24, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson,*

---

[2] Plaintiff also invokes the Fourteenth Amendment, but that amendment is inapplicable to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

*Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir.1996). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255. If there is insufficient evidence indicating that a jury could return a favorable verdict for the nonmoving party, then summary judgment is proper. *See Nat'l Geographic Soc'y v. Int'l Media Ass'n, Inc.*, 732 F. Supp. 4, 4 (D.D.C. 1990).

### III. DISCUSSION

#### 1. The Claims Against Defendants Bynum and Davis

Defendants may be liable under 42 U.S.C. § 1983 if it is shown that they violated plaintiff's constitutional rights while acting under color of authority. Plaintiff accuses Bynum and Davis of violating his constitutional rights by using excessive force and conspiring to use excessive force. Amended Complaint ¶¶ 12-21. To prevail on the federal claims, plaintiff must show that each defendant personally participated in the beating forming the basis of the complaint. *Simpkins v. D.C. Government*, 108 F.3d 366, 369 (D.C. Cir. 1997).

Defendants contend that plaintiff fails to state a claim against Bynum or Davis because the evidence does not support either officer's participation in the alleged beating. In deposition testimony, plaintiff stated that he does not recall what happened when the police arrived at the crash site. Def's Ex. 3, Deposition of James Herbert Nero Jr. ("Pl's Dep.") at 18. He testified, contrary to the complaint allegations, that the alleged beating occurred only "[w]hen I was in custody in the precincts [sic]." *Id.* at 19. Plaintiff does not identify Davis as one of four officers involved in the alleged beating, *see id.* at 39, and, as discussed below, Davis avers that he was not at the precinct when plaintiff was processed. Plaintiff cannot prevail on his claims against Davis.

Although plaintiff named Bynum as one of the four officers who beat him, Pl's Dep. at 39, he does not "recall any details of Bynum," including the fact that she would have been the only female officer among a group of men. *Id* at 40 (referring to Bynum as "him"). Bynum avers that she was "off duty at the time of the incident" and "was not present at [the station]" when plaintiff was processed. Def's Ex. 4, Affidavit of Deidra Bynum at 1. She avers further that she "never had any contact with Mr. Nero in a stairwell at the Fourth District Station [and] ha[s] never seen Mr. Nero in person." *Id.* at 2.

As proof that Bynum "was one of the witnesses at the scene and was present at the Police Station," Pl's Opp. at 3 ¶ 7, plaintiff proffers a document captioned "Supplement Report," prepared the next day, on June 23, 1999. Pl's Ex. 1. The document lists Bynum as a witness, but to what event is unclear. The author of the document, "E. Davis," avers that he "participated in the pursuit and [] arrest of James Nero," but he "did not accompany Mr. Nero to the Fourth District Station. I remained on the scene to collect witness statements and investigate the accident." Def's Ex. 5, Affidavit of Ernie Davis at 1. The document neither contradicts Bynum's statement that she was not present at the police station on June 22, 1999, nor supports a reasonable inference that she was present. Plaintiff cannot identify Bynum as a participant in the beating, and he has not proffered the testimony of anyone else who can identify her as a participant. Plaintiff therefore has failed to create a genuine issue of material fact on the claims against Bynum.

Plaintiff does not allege that Davis participated in the beating, and he has not provided any evidence from which a reasonable juror could find that Bynum participated in the beating. The Court therefore concludes that defendants Bynum and Davis are entitled to judgment as a matter of law on all claims.

4

### 2. *The Claims Against the District of Columbia*

A municipality may be held liable under § 1983 only when it is shown that an individual wrongdoer was acting pursuant to an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality. *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000) (internal citations omitted); *see also Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996) (citing cases). The dismissal of the complaint against Bynum and Davis on the basis that they did not commit the wrongful acts necessarily warrants dismissal of the complaint against the District of Columbia.[3]

### IV. CONCLUSION

For the preceding reasons, the motion for summary judgment on behalf of defendants District of Columbia, Deidra Bynum and Ernie Davis is granted, and the complaint against the remaining defendants is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: 7/24/06

Richard J. Leon
United States District Judge

---

[3] The Court previously dismissed the common law claims against the District of Columbia by Order of July 6, 2004 (entered July 8, 2004) [Dkt. No. 38].